IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) THE RENAISSANCE ON MEMORIAL, L.L.C.<br><br>Plaintiff,<br><br>vs.<br><br>2) TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA<br><br>and<br><br>3) TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA<br><br>Defendants. | Case No.<br>Division: |

## COMPLAINT

COMES NOW, Plaintiff The Renaissance on Memorial, L.L.C. ("Renaissance") and for its *Complaint* states:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Renaissance is an Oklahoma limited liability company in good standing with its principal place of business at 902 West 23rd Street, Tulsa, Oklahoma 74107.

2. Defendant Travelers Casualty Insurance Company of America ("Travelers Casualty") is a foreign corporation organized and incorporated in the state of Connecticut with its principal place of business in Connecticut. The Oklahoma Insurance Department has authorized Travelers Casualty to do business in Oklahoma. Travelers Casualty can be served via the Oklahoma Insurance Department at 400 Northeast 50th Street, Oklahoma City, OK 73105.

3. Defendant Travelers Property Casualty Company of America ("Travelers Property") is a foreign corporation organized and incorporated in the state of Connecticut with its

principal place of business in Connecticut. The Oklahoma Insurance Department has authorized Travelers Property to do business in Oklahoma. Travelers Property can be served via the Oklahoma Insurance Department at 400 Northeast 50th Street, Oklahoma City, OK 73105.

4. This Court has jurisdiction over this matter because plaintiff and defendants are residents of different states, and the amount in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1332.

5. This Court has jurisdiction over defendants because defendants issued these insurance policies to a resident of Tulsa, Oklahoma to cover real property located in Tulsa, Oklahoma. Defendants are licensed to do business in Oklahoma and have regular contacts with Oklahoma.

6. Venue is proper because the insured is a resident of Tulsa, Oklahoma, the insured property is in Tulsa, Oklahoma, the damage occurred in Tulsa, Oklahoma, and defendants issued the insurance policies in Tulsa, Oklahoma. 28 U.S.C. § 1391(b).

## ALLEGATIONS COMMON TO ALL COUNTS

7. On April 17, 2019, Travelers Casualty issued Policy No. 680-3J9760969-19-42 (the "Casualty Policy") to Renaissance, insuring the property known as the Mercantile Shop located at 8281 and 8293-9393 South Memorial Drive, Tulsa, Oklahoma 74133 (the "Property").

8. The limit of insurance in the Casualty Policy for the Property is $3,228,359.

9. The Casualty Policy was in effect from June 11, 2019 to June 11, 2020.

10. On April 17, 2019, Travelers Property issued Policy No. 680-3J976096-19-42 (the "Property Policy") to Renaissance, also insuring the Property.

11. The Property Policy's limit of insurance on the Property, excluding additional coverages, is $2,000,000.

12. The Property Policy was in effect from June 11, 2019 to June 11, 2020.

13. The Casualty Policy's definition of "Specified Cause of Loss" includes "windstorm or hail" as well as "water damage."

14. The Casualty Policy provides that, "If loss or damage from a covered weather condition other than Windstorm or Hail occurs, and that loss or damage would not have occurred but for the Windstorm or Hail, such loss or damage will be considered to be caused by Windstorm or Hail and therefore part of the Windstorm or Hail occurrence."

15. During the term of the policies, Renaissance owned the Property.

16. Renaissance continues to own the Property.

17. Prior to April 2020, the Property did not exhibit hail damage.

18. On or about April 22, 2020, a hailstorm occurred in Tulsa, Oklahoma.

19. That hailstorm caused damage to nearly all exterior surfaces of the Property.

20. Portions of the roof of the Property consists of half-inch wood fiberboard with 2.5 inches of faced ISO with mod bit roof surface.

21. The hailstorm caused the underlying surface of the mod bit in the Property's roof to incur water damage.

22. International Code Council Chapter 15, which the City of Tulsa has adopted, requires the wet roof system to be removed and replaced.

23. The hailstorm damaged the Property's gutters and downspouts.

24. The hailstorm damaged the clay tiles on part of the Property's roof.

25. The hailstorm damaged the copper portion of the Property's roof.

26. The hailstorm damaged canvas awnings attached to the Property.

27. The hailstorm damaged HVAC units on the roof of the Property.

28. The hailstorm damaged the EIFS exterior of the Property.

29. The hailstorm caused the roof of the Property to leak.

30. By or before April 22, 20220, Tulsa adopted the 2015 ICC Energy Code (Zone 3).

31. Any roof repairs or replacement must comply with that—as well as all other applicable—code.

32. The Casualty Policy includes $322,836 in coverage for demolishing, constructing, or repairing the Property to comply with ordinance or law in effect at the time of loss.

33. Following the windstorm and hailstorm, Renaissance used all reasonable means to save and preserve the Property from further damage.

    a. Renaissance promptly made temporary repairs to the Property.

    b. Renaissance later used a Volatile Free coating product to try to prevent water intrusion.

    c. Despite Renaissance's best efforts, tenants still reported leaks that Renaissance repaired when reported.

34. It will cost more than $1,125,000 to repair the Property.

35. Renaissance reported its property damage loss to defendants.

36. Defendants assigned Claim No. DHY3295 to Renaissance's claim under the policies for damage to the Property (the "Claim").

37. Defendants admit that hail or wind occurring on or about April 22, 2020 and caused damage to the Property.

38. Defendants inspected the Property on December 1, 2022.

39. Defendants hired Jim Dorn of JDA Engineering to inspect the Property on February 20, 2023.

40. Defendants only paid $107,266.35 to repair some of the damage to the Property.

41. Defendants adjusted the Claim to include $27,690.02 for depreciation, but it has never paid that amount to Renaissance.

42. On August 7, 2023, defendants informed Renaissance that they refused to make any additional payments under the Claim.

## COUNT I
### (Breach of Contract)

43. Renaissance incorporates its other allegations by reference as though stated herein.

44. The policies are valid and binding contracts between defendants and Renaissance.

45. Renaissance complied with the terms of the policies.

46. The policies provide coverage for direct physical loss of or damage to the Property caused by, *inter alia*, windstorms and hailstorms.

47. The Property suffered direct physical loss and damage caused by a windstorm and hailstorm.

48. Defendants breached the policies by refusing to pay the total amount necessary to properly repair the damage caused to the Property by the windstorm and hailstorm.

49. The Casualty Policy provides coverage for the cost of demolition and increased construction costs required by applicable ordinance or law.

50. The Property suffered direct physical damage due to a hailstorm and windstorm.

51. The City of Tulsa has ordinances that increased the cost of partially demolishing and reconstructing the Property.

52. Travelers Casualty breached the Casualty Policy by not paying Renaissance for those increased costs of demolition and reconstruction for occupancy similar to how the Property was occupied prior to the windstorm and hailstorm.

4887-1656-0744, v. 1

53. Defendants' breach of their insurance polices caused damages to Renaissance because it did not receive the insurance benefits for which it contracted and paid, and it did not receive the funds necessary to properly repair its Property.

### COUNT II
### (Bad Faith)

54. Renaissance incorporates its other allegations by reference as though stated herein.

55. Defendants are insurance companies.

56. Renaissance was covered under defendants' policies when the property damage occurred.

57. As insurance companies, defendants had an implied duty to deal fairly and act in good faith with Renaissance so as not to deprive Renaissance of the benefits of the policies.

   a. *Inter alia*, defendants had the duty to promptly settle Renaissance's claim for the value or within the range assigned to the claim as a result of its investigation.

58. Defendants violated their implied duty to act in good faith by not conducting an investigation that was reasonably appropriate under the circumstances.

   a. Defendants did not inspect all areas of damage pointed out by Renaissance.

   b. Defendants did not spend sufficient time and resources to inspect the Property.

59. Defendants violated their implied duty to act in good faith by omitting or ignoring different elements of Renaissance's damages when making payment.

60. Defendants' actions were unreasonable under the circumstances.

61. Defendants failed to deal fairly and act in good faith toward Renaissance in handling the Claim.

   a. Defendants did not timely respond to Renaissance's inquiries.

4887-1656-0744, v. 1

      b.      Defendants did not address codes applicable to the repairs.

      c.      Defendants did not respond to the content of all of Renaissance's evidence of damages and demands for repairs.

62.    Defendants' breach of their duty of good faith and fair dealing was the direct cause of damages sustained by Renaissance. The core element of those damages was composed of the insured loss.

63.    Defendants acted with a reckless disregard toward Renaissance's rights.

64.    Malice and evil intent may be inferred from defendants' acts.

WHEREFORE, plaintiff The Renaissance on Memorial, L.L.C. prays that this Court enter judgment in its favor and against defendants on all counts by; award plaintiff compensatory damages in an amount to be proven at trial and in excess of $75,000; award plaintiff punitive damages; award plaintiff prejudgment interest; award plaintiff post-judgment interest; award plaintiff its costs and attorneys' fees; and order such other and further relief as is just and proper.

Respectfully submitted,

**GOODWIN LEWIS, PLLC**

By:    */s/ Jason Reese*
       Jason Reese, OBA # 20813
       420 NW 6th Street, Second Floor
       Oklahoma City, OK 73102
       Tel:   405.900.5700
       Email: JReese@GoodwinLewis.com

**LEVY CRAIG LAW FIRM**
A PROFESSIONAL CORPORATION

By    */s/ Shane C. Mecham*
      Shane C. Mecham    MO # 56871
      ***Pro Hac Vice* Application Forthcoming**
      4520 Main Street, Suite 1600
      Kansas City, Missouri 64111
      (816) 474-8181

Fax: (816) 382-6606
smecham@levycraig.com

*Plaintiff, The Renaissance on Memorial, L.L.C.*

4887-1656-0744, v. 1