# United States District Court
## for the Northern District of Oklahoma

---

Case No. 23-cv-472-JDR-MTS

---

THE RENAISSANCE ON MEMORIAL, L.L.C.,

*Plaintiff,*

*versus*

TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA;
TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,

*Defendants.*

---

## OPINION AND ORDER

---

An April 2020 hailstorm damaged a building owned by plaintiff The Renaissance on Memorial, L.L.C. Renaissance promptly filed a claim for the damage with its insurance providers, defendants Travelers Casualty Insurance Company of America and Travelers Property Casualty Company of America. The insurers investigated, and Renaissance received its second of two claim payments in December 2020. Twenty-one months later, in September 2022, Renaissance disputed the payments and asked for a reinspection.

When the defendants refused to issue additional payments on the claim, Renaissance sued both Travelers Casualty and Travelers Property for breach of contract and bad faith. Travelers Casualty has moved for summary judgment, arguing that Renaissance's claims are time-barred either

No. 23-cv-472

contractually or under Oklahoma's statute of limitations. Dkt. 52.[1] Travelers Property has also moved for summary judgment, arguing it is not a proper party to this action. Dkt. 53. The Court heard arguments on the motions on March 27, 2025, and granted the motions for summary judgment from the bench pending this order. Dkt. 59. In confirmation of that ruling, the motions for summary judgment [Dkts. 52; 53] are granted.

I

Travelers Casualty issued a policy to Renaissance for commercial general liability and business owners property coverage from June 11, 2019, to June 11, 2020 (Policy No. 680-3J976096-19-42). Dkt. 52-2 at 1, 6.[2] Travelers Property issued an umbrella policy for the same period (Policy No. CUP-4J294452-19-42). Dkt. 52-7 at 1, 6. On April 22, 2020, a hailstorm damaged Renaissance's building. Dkts. 52 at 1; 55 at 2. Renaissance promptly filed a claim for the damage, which was assigned claim #DHY3295 under the Travelers Casualty policy. Dkts. 52 at 2; 55 at 2. Travelers Casualty investigated the claim and sent Renaissance payment of $77,173.04. Dkt. 52-3. Then, on December 4, 2020, Travelers Casualty sent a second letter approving supplemental HVAC work with an additional payment of $30,093.31. Dkt. 52-4.

Nearly a year after the December payment, Renaissance hired Stan Williams to conduct an independent investigation of the damaged roof. Dkt. 55-1 at 1 (¶ 4). Mr. Williams conducted three investigations and prepared a report finding that the defendants failed to conduct a good-faith investigation or adjustment of the claim and did not spend adequate time or resources investigating the claim. *Id.* at 1-2 (¶¶ 7-8). In September of 2022, Renaissance asked Travelers Casualty to reconsider its coverage determination and claim

---

[1] All citations use CMECF pagination.

[2] Unless otherwise noted, all facts are undisputed by the parties.

No. 23-cv-472

valuation based on Mr. Williams's report. *Id.* at 2 (¶ 9). Travelers Casualty told Renaissance that it would "continue to investigate the claim, subject to a complete reservation of rights under the Policy and all applicable policy terms and conditions." Dkt. 52-6 at 2. Travelers Casualty then reinspected the property with Mr. Williams present and asked Renaissance if it had any additional information regarding the loss. Dkts. 52 at 4; 52-5 at 2; 55 at 4. When Renaissance did not provide additional information, Travelers Casualty confirmed its original valuation. Dkt. 52-5 at 1. Renaissance brought this action against Travelers Casualty and Travelers Property asserting that they breached the insurance contracts and acted in bad faith. Dkt. 3.

## II

Travelers Casualty moves for summary judgment arguing that Renaissance's breach of contract claim is barred by a policy loss condition and the bad faith claim is barred by the Oklahoma statute of limitation. Dkt. 52 at 2. Travelers Property also moves for summary judgment arguing that Renaissance's breach of contract claim fails as a matter of law because the loss did not reach the level of damages required to receive coverage under the umbrella policy. Dkt. 53 at 1-2. Travelers Property further argues that the bad faith claim against it fails because Travelers Property took no part in the investigation of the claim. *Id.*

The Court will grant summary judgment if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Breedlove v. Allstate Ins. Co.*, 73 F. App'x 377, 379 (10th Cir. 2003). A material fact is one that "might affect the outcome of the suit under the governing law," and a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The mere existence of a scintilla of evidence in support of the

No. 23-cv-472

plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. The Court construes the record in the light most favorable to the nonmoving party. *Id.* at 249-50; *Hall v. Allstate Fire & Cas. Ins. Co.*, 20 F.4th 1319, 1323 (10th Cir. 2021).

### III

The Court first addresses Travelers Casualty's argument that Renaissance's lawsuit was not filed before the expiration of the policy's "Property Loss Conditions," which requires any legal action to be brought against it "within two-years after the date on which the direct physical loss or damage occurred." Dkt. 52 at 7, 9-10; Dkt. 52-2 at 147. "[C]ourts interpreting Oklahoma law have consistently concluded that [time] limitation provisions [in insurance contracts] are unambiguous and enforceable as to breach of contract claims." *Parrish v. Farmers Ins. Co.*, No. 21-cv-00280-GKF-SH, 2022 WL 3139750, at *7 (N.D. Okla. Aug. 5, 2022); *Barraza v. State Farm Fire & Cas. Co.*, No. 21-cv-0282-CVE-CDL, 2023 WL 359518, at *5-6 (N.D. Okla. Jan. 23, 2023). Travelers Casualty's contractual requirement that the insured sue within two years of the date of the direct physical loss is unambiguous and enforceable. *See, e.g.*, *Hayes v. State Farm Fire & Cas. Co.*, 855 F. Supp. 2d 1291, 1300 (W.D. Okla. 2012) (stating that a similar policy provision's language is "simple and clear"). The direct physical loss and damage to Renaissance's building occurred on April 22, 2020. Renaissance was therefore required to bring suit under the policy no later than April 22, 2022. Renaissance filed this action on October 31, 2023, more than two years after the last date by which a suit must have been filed. Renaissance's lawsuit is therefore barred by contract unless Travelers Casualty's conduct waived the provision.

Insurers can waive the limitation by leading the insured to believe it will pay the claim. *Barraza*, 2023 WL 359518, at *7-8. Waiver is determined by the insurer's actions *prior* to the expiration of the limitation period. *See Parrish*, 2022 WL 3139750, at *8 (granting summary judgment based on a policy limitation where plaintiff offered "no evidence of [the insurer's]

No. 23-cv-472

conduct during the period from the [claim] payment to expiration of the 'Suit Against Us' provision."). Courts look to whether the insurer continued to actively communicate assurances and investigate the claim up to the expiration of the limitation period. *See, e.g., Prudential Fire Ins. Co. v. Trave-Taylor Co.*, 152 P.2d 273, 275 (Okla. 1944) (holding that there was sufficient evidence of waiver to deny summary judgment where the insurer continued active investigation and communication until less than a month remained in the limitation provision); *Oklahoma Farm Bureau Mut. Ins. Co. v. Lay*, 398 P.2d 506, 508 (Okla. 1965) (affirming the district court's decision to submit the question of waiver to the jury where there was evidence that the insurer assured the insured it would pay for and repair all damage); *cf. Barraza*, 2023 WL 359518, at *7 (ruling insurer did not waive the provision where it accepted the claim, paid the value, and requested additional information before it would consider a second inspection).

Renaissance argues that Travelers Casualty's actions waived the policy condition because it never told Renaissance it had closed the claim. Dkt. 55 at 11–12. At the motion hearing, Renaissance asserted that the December 2020 letter led them to believe that an additional payment could be made if Renaissance gathered estimates and presented new evidence to Travelers. Renaissance also argues that Travelers made them believe that the claim was still open because it agreed to reinspect and requested additional evidence in the fall of 2022. Consistent with other rulings in this district, the Court will not consider any conduct which occurred after the limitation period expired on April 22, 2022, to determine if Travelers Casualty waived the policy condition. *See Parrish*, 2022 WL 3139750, at *8.

Considering only Travelers Casualty's communication and conduct prior to April 22, 2022, Renaissance's waiver argument fails. Although Renaissance argues Travelers Casualty never formally denied or closed the claim [Dkt. 55 at 11], "defendant's lack of denial is irrelevant when it accepts plaintiff's claim, pays the value of the claim, and does not negotiate any

No. 23-cv-472

further ….” *Barraza*, 2023 WL 359518, at *7. Here, Travelers Casualty accepted the claim, paid its valuation of the claim through the initial and supplemental payments and then did not engage in any communication with Renaissance until the limitation period had passed. That Travelers Casualty did not explicitly deny or close the claim does not constitute waiver.

The language in the December 2020 letter likewise did not constitute waiver. The letter stated that Renaissance was required to “notify [Travelers] within 180 days from the loss [if Renaissance] wish[ed] to pursue recoverable depreciation.” Dkt. 52-4 at 1. This language is limited to depreciation, and did not indicate to Renaissance that the general valuation of the claim was negotiable. Travelers Casualty’s offer to pay recoverable depreciation as stated in the December 2020 letter did not waive the policy’s two-year limitation. Renaissance filed its suit more than two years after the direct physical loss or damage and is therefore time barred by the contract. Travelers Casualty’s motion for summary judgment on Renaissance’s breach of contract claim is granted.

IV

Travelers Casualty next argues that Renaissance’s claim for bad faith is time barred by Oklahoma’s two-year statute of limitations. Dkt. 52 at 11-12. Under Oklahoma law, “[a] bad faith tort action must be brought within two years after the cause of action shall have accrued.” *Morgan v. State Farm Mut. Automobile Ins. Co.*, 488 P.3d 743, 746 (Okla. 2021) (citations omitted). A bad faith cause of action accrues “when a litigant first could have maintained his action to a successful conclusion.” *MBA Commercial Constr., Inc. v. Roy J. Hannaford Co.*, 818 P.2d 469, 473 (Okla. 1991) (citing *Sherwood Forest No. 2 Corp. v. City of Norman*, 632 P.2d 368, 370 (Okla. 1980)).

The statute of limitations does not “begin to run until the date the plaintiff knew or should have known of the injury.” *Blue v. Universal Underwriters Life Ins. Co.*, 612 F. Supp. 2d 1201, 1203 (N.D. Okla. 2009). This rule

No. 23-cv-472

does not require the plaintiff to know that the insurer's "conduct may have supported a bad faith claim," but only the facts which would give rise to the claim. *Id.* at 1203-04 Further, "a plaintiff is required to pursue claims with diligence." *Id.* at 1203; *see also Gargano v. Owners Ins. Co.*, 623 F. App'x 921, 930 (10th Cir. 2015) (holding plaintiff's bad-faith claim was time barred because "with a minimum of diligence before [the statute of limitations expired]," the plaintiff could have learned that the insurer did not investigate the claim).

The Western District of Oklahoma analyzed the accrual of a similar bad faith claim in *Zewdie v. Safeco Ins. Co. of America*, 304 F. Supp. 3d 1101 (W.D. Okla. 2018). The court held that, although the insurer "had not yet denied the claim, nor had it meaningfully participated in the investigation of the claim," the statute of limitations for bad faith began to accrue as soon as the "plaintiff was aware of the facts on which his bad faith claim [was] based." *Id.* at 1111-12. Letters written by the insured's attorney in November 2012 and February 2013 referenced the actions that formed the basis for the insured's bad faith claim. *Id.* at 1112. Because the conduct referenced in the plaintiff's letter had occurred by November 2012, the "limitations period for plaintiff's bad faith claim commenced at the latest by" the time the plaintiff's attorney sent that letter. *Id.*

Here, like in *Zewdie*, Renaissance's bad faith claims are based on conduct it was aware of when Travelers Casualty allegedly failed to spend enough time and resources on the initial inspection of the property in 2020. Dkt. 55 at 12. Renaissance had all the facts relevant to a bad faith claim based on a failure to conduct a proper inspection by December 2020 when the initial inspection was completed and payment was made. *See Zewdie*, 304 F. Supp. 3d at 1112–13. Accordingly, the two-year statute of limitations on the bad faith

No. 23-cv-472

claim began when the initial inspection was complete and the last payment was made in December of 2020.

The undisputed record further demonstrates that Renaissance knew of the facts relevant to a bad faith claim in September 2021 when it hired Mr. Williams to "review[] the work that Travelers did on the claim." Dkts. 55-1 at 1-2; 52-11 at 6. A plaintiff is "charged with having knowledge of those facts which ought to have been discoverable in the exercise of reasonable diligence" and the "statute of limitations is not tolled simply because a plaintiff 'negligently refrain[s] from prosecuting inquiries plainly suggested by the facts.'" *Ake v. Cent. United Life Ins. Co.*, No. CIV-17-937-R, 2018 WL 5986756, at *3 (W.D. Okla. Nov. 14, 2018) (quoting *Blue v. Universal Underwriters Life Ins. Co.*, 612 F. Supp. 2d 1201, 1203 (N.D. Okla. 2009) (internal quotation omitted)). Renaissance waited almost a year after the second payment before hiring Mr. Williams, at which point it was aware of, or should have discovered with the "exercise of reasonable diligence," all the facts on which its bad faith claim is based. *Resolution Trust Corp. v. Grant*, 901 P.2d 807, 813 (Okla. 1995). Because Renaissance waited until October 2023 to file this case, the bad faith claim is barred by the statute of limitations. Travelers Casualty's motion for summary judgment as to bad faith is granted.

V

Travelers Property argues that the Court should grant it summary judgment on Renaissance's breach of contract claim because the subject loss is not covered by Travelers Property's umbrella policy. Dkt. 53 at 5-6. "[S]ummary judgment in favor of the insurer is proper when the undisputed facts show that the insured has failed to establish a covered claim under its insurance policy." *Phoenix Ins. Co. v. Winton*, No. CIV-14-95-R, 2015 WL 874371, at *2 (W.D. Okla. Feb. 27, 2015), *aff'd sub nom.; Universal Underwriters Ins. Co. v. Winton*, 818 F.3d 1103, 1108-09 (10th Cir. 2016); *State Farm Fire & Cas. Co. v. Aberdeen Enterprizes II, Inc.*, No. 18-CV-654-TCK-FHM, 2020

No. 23-cv-472

WL 4550390, at *3 (N.D. Okla. 6, 2020) (stating a claim for damage can pro-
ceed only if "the policy extends coverage to the damages sought to be recov-
ered from the insured"). The burden of proof is on the insured to show the
claim is covered by the policy. *Aberdeen Enterprizes II, Inc.*, 2020 WL
4550390, at *3 (*citing Boggs v. Great Nation Ins. Co*, 659 F. Supp. 2d 1199,
1204 (N.D. Okla. 2009)).

Renaissance's only policy with Travelers Property is for excess fol-
low-form liability, umbrella liability, crisis management service expenses, and
defense and supplementary payments.[3] Dkt. 53-3 at 11–14. By the terms of an
excess policy, it "provides coverage that is secondary to the primary cover-
age; there is usually no obligation to the insured until after the primary cov-
erage limits have been exhausted." *U.S. Fidelity and Gaur. Co. v. Federated
Rural Elec. Ins. Corp.*, 37 P.3d 828, 831 (Okla. 2001) (citations omitted). At
the motion hearing, Renaissance conceded that coverage under the Travelers
Property policy is only implicated after the $3,228,359 limit under the Trav-
elers Casualty policy is met. Travelers Casualty paid out $107,266.35, which
does not reach the monetary limits of the general liability policy. Travelers
Casualty maintains that the payment is final and accounts for the full valua-
tion of the claim.[4] Thus, the Travelers Property policy does not provide cov-
erage for this claim. Because Renaissance has not shown that its claim is cov-
ered under the Travelers Property policy, Travelers Property's motion for
summary judgment as to the breach of contract claim is granted.

Travelers Property also seeks summary judgment on Renaissance's
bad faith claim because Travelers Property was not involved in the claims

---

[3] Renaissance's response cites to Dkt. 53-2 and its contents to support its allegations
that the Travelers Property's policy covers the alleged damage and other wind or hail dam-
age. Dkt. 56 at 5. However, Dkt. 53-2 is Travelers Casualty's policy.

[4] Renaissance's breach-of-contract claim is time barred, *see* section III, *supra*, so the
Court considers the valuation of the claim final for the purposes of this order.

No. 23-cv-472

process. Dkt. 53 at 6-7. Renaissance alleges that Travelers Casualty never distinguished between itself and Travelers Property while investigating the claim. Dkt. 56 at 6. But all written communications were sent by Travelers Casualty. *See* Dkts. 52-3 (header and company line reference only Travelers Casualty); 52-4 (same); 52-5 (subject line references only Travelers Casualty); 52-6 (company line lists only Travelers Casualty and the document is signed by a Travelers Casualty adjuster).

Renaissance has not provided sufficient evidence upon which a reasonable jury could determine that Travelers Property played any role in the investigation of the claim. Parties must support their assertions by "citing to particular parts of materials in the record" or else may demonstrate that "the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Renaissance supports its assertion that it was unclear whether Travelers Casualty or Travelers Property was handling the claim by citing to the affidavits of Mr. Williams [Dkt. 55-1] and Mr. Thomas Viuf [Dkt. 55-2]. Both affidavits state: "At no point in the process … did Travelers ever distinguish to me between [Travelers Casualty] and [Travelers Property]." Dkts. 55-1 at 3; 55-2 at 3. But at the summary judgment stage, parties must "set forth facts, not conclusory statements." *Janny v. Gamez*, 8 F.4th 883, 899 (10th Cir. 2021) (citing *BancOklahoma Mortg. Corp. v. Cap. Title Co.*, 194 F.3d 1089, 1101 (10th Cir. 1999)). Renaissance cannot rely on these self-serving affidavits, absent of any objective evidence, to establish an issue of fact regarding which company handled the claim. *See Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) (citations omitted). Travelers Property's motion for summary judgment on the bad faith claim is granted.

VI

Renaissance's breach of contract claim against Travelers Casualty is time-barred by the relevant policy provision. The bad faith claim against Travelers Casualty is likewise barred by Oklahoma's two-year statute of

No. 23-cv-472

limitations. Renaissance has failed to provide sufficient evidence upon which a reasonable jury could determine that the loss was covered by Travelers Property's policy or that Travelers Property played any role in the investigations. The motions for summary judgment [Dkts. 52; 53] are granted.

Dated this 24th day of April 2025.

JOHN D. RUSSELL
*United States District Judge*